UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE ALBERTO RODRIGUEZ TERRONES, | Case No.  2:26-cv-01242-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Jose Alberto Rodriguez Terrones entered the United States without inspection two decades ago, was apprehended by Department of Homeland Security officials on March 6, 2026, and is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 at 11. On March 20, 2026, Petitioner applied for cancellation of removal. Dkt. 9 ¶ 8. On April 6, 2026, an Immigration Judge ("IJ") denied Petitioner's application and ordered him removed to Mexico. Dkt. 9 ¶ 9. Petitioner has appealed the order of removal to the Board of Immigration Appeals and it is not administratively final. Dkt. 8 at 4; Dkt. 9 ¶ 10.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On April 10, 2026, Petitioner filed a petition for writ of habeas corpus, arguing primarily that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶ 1. On April 27, Federal Respondents filed a return to the habeas petition. Dkt. 8. On April 30, Petitioner filed a traverse. Dkt. 11. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

While Petitioner does not expressly claim to be a *Rodriguez Vazquez* member, he states that he is "similarly situated" to class members. Dkt. 1 ¶ 51. Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, but they acknowledge that Petitioner will be a member of the *Rodriguez Vazquez* Bond Denial Class for purposes of this litigation "once he seeks a bond redetermination hearing with the immigration court." Dkt. 8 at 2.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Contrary to Federal Respondents' assertion, Petitioner need not first seek a bond hearing before an IJ to qualify for relief under *Rodriguez Vazquez.* Whether a detainee has requested a bond hearing does not change the legality of his custody under § 1225(b)(2). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Petitioner. Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a). Petitioner has shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief.[1] *See* 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Jose Alberto Rodriguez Terrones's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

---

[1] Because Petitioner is entitled to relief on his statutory claim, it is unnecessary for the Court to reach Petitioner's secondary argument that his detention without an opportunity for bond would violate the Due Process clause. *See* Dkt. 1 ¶¶ 47–53.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 4th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4